OLIVER v. COLUMBIA, NEWBERRY AND LAURENS R. R. CO.

R AILROADS —P ASSENGER —N EGLIGENCE —P LEADINGS.—T HE  C OMPLAINT states a cause of action against a railroad company for rudely and wantonly forcing a passenger from its car in such a manner that she fell between the cars and thereby received permanent injuries.

Before G ARY, J., Richland, October, 1898.    Affirmed.

Action for damages by Alice E. Oliver and her husband, P. M. Oliver, against Columbia, Newberry and Laurens R. R. Co.    From Circuit order overruling defendant's demurrer it appeals.

*Messrs. Wm. H. Lyles* and *George Johnstone,* for appellant, cite: *The duties of a railroad to an idler or trespasser are negative:* 18 Wis., 175. *Defendant only bound to carry plaintiff to Clinton; beyond that point it sold ticket as agent:* 21 S. C., 39. *Plaintiff was notified of her arrival at Clinton, and given a reasonable time to leave the train; there defendant's liability ends:* 7 Wis., 367, 449; 21 Wis., 377. *If no place was provided for her, she should have vacated and sought accommodation, and then sued defendant for expenses:* Minn., 627; 38 N. Y., 627.

*Messrs. B. L. Abney* and *Andrew Crawford,* contra, cite: *If plaintiff were a trespasser, she could have recovered under allegations in complaint:* 16 Conn., 422; 17 Wend., 496; 19 S. C., 20. *Employees who uncouple cars while passengers are passing from one to the other, are guilty of the grossest negligence:* 14 How., 468; 58 N. Y., 127. *Whether acts charged in this complaint are negligence, is a question for jury:* 13 N. Y., 9; 120 N. Y., 467. *Railroad is liable for result of dangerous acts undertaken under its direction:* 37 N. Y., 287; 111 Ill., 219; 47 Am. Rep., 149; 49 N. Y., 47; 46 S. C., 403; 38 S. C., 485; 11 S. E. R., 553; 40 N. Y., 145; 53 S. C., 203.

July 18, 1899. The opinion of the Court was delivered by

MR. JUSTICE POPE. This is an action to recover $10,000 damages for an alleged negligence, wantonly observed by the defendant as a common carrier. The only question before this Court arises from a demurrer to the complaint on two grounds: "First. Because the action being one for a negligent injury to the plaintiff as a passenger on a train operated by the said defendant company, the complaint shows that the defendant railroad company had safely transported the plaintiff, Mrs. Alice E. Oliver, to the terminus of its line, and that the defendant had there given her due notice of her arrival at such terminus, and had notified

her that she must leave the car wherein she was riding, which she neglected and refused to do, and that a reasonable time having elapsed for her to do so, her rights as a passenger had ceased. Second. Because said complaint does not allege any facts to show that the defendant violated any duty that it owed to the plaintiff, Mrs. Alice E. Oliver." After argument of the demurrer, Judge Ernest Gary overruled the same, and from his order therefor, the defendant appealed to this Court on the same grounds urged before Judge Gary.

To consider the demurrer, it will be necessary to reproduce the complaint, which is as follows: "The plaintiffs, complaining of the defendant, allege: 1. That on the 10th day of December, 1890, Alice E. Oliver intermarried with her coplaintiff, P. M. Oliver, and ever since that time she has been, and now is, the wife of her said coplaintiff, P. M. Oliver, and that they reside in the county of Orangeburg, in the State of South Carolina. 2. That the defendant was, at the times hereinafter mentioned, and now is, a corporation created by and under the laws of the State of South Carolina, and has its principal place of business and office in the city of Columbia, in the county of Richland, in the State aforesaid, and as such corporation is, and was at the time hereinafter mentioned, the owner of and operated a certain railroad known as the Columbia, Newberry and Laurens Railroad, between the city of Columbia, in the county of Richland, in the said State, and the town of Clinton, in the county of Laurens, in said State, and was at such times, and now is, a common carrier of passengers thereupon for hire. 3. That on the 26th day of November, 1895, at the office of the defendant, in the city of Columbia, the plaintiff, Alice E. Oliver, purchased from the defendant a first class passenger ticket from the city of Columbia to Clinton, and thence by connecting lines to Atlanta, Georgia, and return, paying to the defendant therefor the price demanded by defendant; that after the purchase of said ticket, the plaintiff, Alice E. Oliver, with her two children, on said

26th day of November, 1895, were received at the said city of Columbia by the defendant into one of its cars as a passenger to be carried to Atlanta; the train of the said defendant, whereon was the plaintiff, Alice E. Oliver, and her children, proceeded to Clinton, and a short time before arriving at Clinton, the conductor, brakeman, and other employees of the defendant in charge of said train and car, passed through the car and announced to the plaintiff, Alice E. Oliver, and other passengers, that the said car was not going any further than Clinton, and was to be thence returned to Columbia, and that she and all other passengers must leave the said car and go into another; but on account of some confusion of orders, and all the other cars being crowded, the said plaintiff and other passengers did not leave the said car; that on the arrival of the train at Clinton, the said conductor in charge of said train and car peremptorily required the plaintiff, her children, and other passengers, to leave the said car and get upon another, although there was then no other car available for them on account of their crowded condition; that the car being crowded with passengers, and the plaintiff, Alice E. Oliver, with her children, being unable at that time to obey the said order, and not knowing where to go, she with most of the passengers remained upon said train; that immediately thereafter the conductor in charge of said train again came into the said car and angrily required the said plaintiff, burdened with her two children, to leave said car at once, although he knew, or should have known, that said car was going through to Atlanta, and that she attempted to obey the directions of the said conductor to leave the car, and was endeavoring to cross over on to the platform of the adjoining car, in pursuance of the directions of the conductor to leave the aforesaid car, when, as she was crossing with her children, the two cars parted, and she and her children fell between the same, and she was injured in the manner hereinafter described; that immediately after falling between the car, one portion of the said train suddenly and without warning backed on the other portion of

the cars which had remained stationary and was coupled to it; and said plaintiff, being aided and placed in said car which she was attempting to leave under orders of the said conductor, was, along with other passengers which were therein, carried on to Atlanta. Plaintiffs further allege, with reference to said matter, that it was between 2 and 3 o'clock in the morning of November 27th, 1895, when the said train arrived at Clinton; that it was very dark and bitterly cold; that all of the said cars were crowded with passengers, and that the said conductor, although ordering the plaintiff, Alice E. Oliver, to leave said car with her children, provided no place where she could go, nor any car into which she could get; that the announcement of the conductor that the said car was not going through, but was to be returned, was untrue, and the same went on from there to Atlanta; that the said conductor and other employees were wholly negligent in their duty in not ascertaining whether said car was, as a matter of fact, to be returned to Columbia, and were wantonly and negligently imprudent in their action in requiring said plaintiff and other passengers to leave said car, when there was no necessity whatsoever therefor; and that the persons in charge of said train, in uncoupling or allowing the car on which she was and the other portion of the train to be uncoupled at the same time the plaintiff was crossing, or about to cross, and when the platform was crowded with passengers, urging and pressing against one another, were wantonly and negligently imprudent; that no care, prudence or attention whatsoever was given to the safety, convenience or comfort of the said plaintiff and other passengers thereon; that no precautions were taken with reference to the operations of said car; and the life of the plaintiff, Alice E. Oliver, when she was lying upon the track after falling between the two platforms, was in imminent danger; that said cars were backed without any signal and without any regard whatsoever for the lives of said plaintiff and her two children; that she barely escaped death by being pulled from between the two platforms just

35—55

as soon as the first portion of the train was backed by the engine. The plaintiffs herein further allege that the plaintiff, Alice E. Oliver, was seriously injured by the fall between the cars, as herein above set forth, said fall causing permanent injuries to her back and hip joint as well as other bodily injuries, which have shattered her health and incapacitated her from attending to her ordinary duties, and from which she has suffered and is still suffering great mental pain and anguish, from which said injuries she has not, and will not, effectually and entirely recover; that owing to her delicate condition she received serious and severe nervous shocks, causing her intense pain and anxiety; said injuries having caused said plaintiff to incur the expense of large doctor's bills and bills for medicine, and plaintiff is still incurring expenses for medicine and medical attention by reason thereof; that by the want of care and the omission to fulfill the duty that the said defendant owed to the plaintiff, Alice E. Oliver, as a passenger, and in negligently and carelessly injuring the plaintiff, Alice E. Oliver, she has been damaged to the extent of $10,000. Wherefore the plaintiffs demand judgment against the defendant for $10,000, together with the cost of this action."

Primarily when a demurrer is under consideration, it is necessary to determine whether the facts alleged in the complaint constitute a cause of action. A cause of action exists "when the legal rights of one party have been invaded by another." *Chalmers* v. *Glenn,* 18 S. C., 471. In the case just cited, it is observed: "Now as to the statements in the complaint. · It is a general rule, in fact, invariable, that to entitle a plaintiff to recover, he must prove all the facts constituting his case or cause of action; he must prove the facts constituting his right, and its invasion by the defendant. It is another general rule that the plaintiff can offer no testimony except as to such facts as he has alleged in his complaint. *It follows, therefore, that he must allege in his complaint all the facts showing his right, and also those showing its invasion by the defendant, and the facts thus*

*alleged must in law on their face, on the one side entitle him to the right which he claims, and on the other amount to an invasion by the defendant.* If his complaint is defective in either of these particulars, he will not only be denied the privilege of supplementing the facts by testimony, *but his complaint will fail on demurrer"* (italics ours). What, therefore, is the cause of an action set up in the complaint at bar? Is it not that the plaintiff having paid the fare of a passenger over the defendant's railroad, as a passenger on its passenger train, had the right to receive a courteous and complete care by such common carrier until she was discharged from defendant's train; but that the defendant invaded this right on her part by rudely and wantonly forcing her from its passenger car in the town of Clinton, so that she fell between the platforms of a divided train, which divided train was driven together, without warning, so quickly and recklessly that her life was with great difficulty, to others than defendant, saved, and great permanent injuries, &c., were dealt to her? Well, if these things are alleged in the complaint, does the demurrer receive any support? We think not. The Circuit Judge did not err in overruling such demurrer. The defendant must be ready to defend on the merits.

It is the judgment of this Court, that the order overruling the demurrer be sustained, and that the action be remanded to the Circuit Court for a trial upon the merits.

MR. JUSTICE JONES *did not sit in this case.*